**ams**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **GORDON E. STROPE,** ) | |
|     A.K.A. Michael Lee Strope ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 03-3310-JAR |
| ) | |
| **DAVID R. MCKUNE,** *et al.,* ) | |
| ) | |
|     Defendants. ) | |

### MODIFIED MEMORANDUM AND ORDER DENYING PLAINTIFF'S MOTION FOR PROHIBITORY INJUNCTION, MOTION FOR APPOINTMENT OF COUNSEL, AND MOTION TO STRIKE

The Court now considers plaintiff's *pro se* Motion for Prohibitory Injunction (Doc. 85) and Motion to Strike Defendants [sic] Out of Time Pleading (Doc. 90). In his motion for prohibitory injunction, plaintiff also makes a second request for appointment of counsel in this case. The Court entered an order on October 19, 2005 correcting its previous text entry order of August 30, 2005 denying the motion, as it incorrectly stated that the case has been terminated. Therefore, the Court extended the response and reply deadlines to November 11, 2005 and December 5, 2005, respectively. Defendants responded to the motion on November 3. Because the Court extended the deadline for responding to plaintiff's motion, and because defendants responded before the modified response deadline, plaintiff's motion to strike is **denied**.

Plaintiff asks the Court for an injunction for the second time to prohibit prison officials from serving him spoiled foods and to accommodate his kosher diet. This Court previously denied a motion by plaintiff for a preliminary injunction asking for the same relief on July 29,

2004. (Doc. 51.) The Court denied relief because plaintiff was unable to show that he was likely to succeed on the merits of an Eighth Amendment claim because he could not show that defendants were deliberately indifferent to his claims. On April 6, 2005, the Tenth Circuit Court of Appeals affirmed the Court's decision, stating: "While prison officials may not indefinitely forestall deliberate indifference finding by assurances of remedial action that is never taken, the evidence before the district court did not show a sufficient pattern of negligence by prison employees or contractors."[1] The only offer made by plaintiff that the circumstances have changed since the Court ruled on this matter in July 2004, is his affidavit stating that he continues to be served spoiled food by prison officials and that his kosher diet is not being accommodated in violation of his First Amendment rights.

Rather than file a motion to have this case decided on the merits, plaintiff filed the instant "Motion for Prohibitory Injunction." The Court treats this motion as another motion for a preliminary injunction, as it must liberally construe plaintiff's pleadings.[2] However, the Court may not provide additional factual allegations "to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[3] The Court need only accept as true plaintiff's "well-pleaded factual contentions, not his conclusory allegations."[4]

In order to meet his burden of establishing entitlement to a preliminary injunction, plaintiff must show:

---

[1] *Strope v. McKune*, 131 Fed. Appx. 123, 125 n.4 (10th Cir. 2005), *cert. denied*, 125 S. Ct. 2916 (2005).

[2] *See Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997).

[3] *Id.*

[4] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

> (1) a substantial likelihood of success on the merits of the case; (2) irreparable injury to the movant if the preliminary injunction is denied; (3) the threatened injury to the movant outweighs the injury to the other party under the preliminary injunction; and (4) the injunction is not adverse to the public interest. In addition, 'the right to relief must be clear and unequivocal' because 'a preliminary injunction is an extraordinary remedy.'[5]

"[M]andatory injunctions are not granted in doubtful cases in which the facts and law do not clearly favor the moving party."[6] Additionally, the movant's burden is heavy "when the injunctive relief sought would in effect grant the movant a substantial part of the relief the plaintiff would recover upon a trial of the merits."[7]

Here, the Court declines to disturb its previous ruling denying plaintiff's motion for the same relief as the facts no more clearly favor plaintiff. The Court hereby incorporates the rationale set forth in that previous order to support its ruling. Again, even though plaintiff may have stated a constitutional claim, he has failed to show that he is likely to succeed on the merits of his Eighth Amendment claim because he has not shown that defendants were deliberately indifferent to the problems with spoiled and kosher foods. The conclusory allegations set forth in his affidavit are insufficient to overcome the heavy burden required to establish entitlement to a preliminary injunction.

In addition, plaintiff asks the Court for a hearing on this issue and to appoint an attorney. The Court declines to grant either request. Judge O'Hara previously ruled on a motion for

---

[5] *Salt Lake Tribune Pub. Co., LLC v. AT & T Corp.*, 320 F.3d 1081, 1099 (10th Cir. 2003) (citing *Kikumura v. Hurley*, 242 F.3d 950, 955 (10th Cir.2001)).

[6] *Hill's Pet Nutrition, Inc. v. Nutro Prods., Inc.*, 258 F. Supp. 2d 1197, 1204 (D. Kan. 2003) (quoting *Am. Carriers, Inc. v. Baytree Investors, Inc.*, 685 F. Supp. 800, 806 (D. Kan. 1988)).

[7] *Id.*

appointment of counsel in this case. (Doc. 70.) In that Order, Judge O'Hara found that appointment of counsel was not warranted, as plaintiff had not shown that he had attempted to contact any attorney to represent him in the matter. Plaintiff presents this Court with no further information that would persuade it to disturb Judge O'Hara's previous ruling.

**IT IS THEREFORE ORDERED BY THE COURT** that plaintiff's Motion for Prohibitory Injunction (Doc. 85) is **DENIED**. Plaintiff's requests in that motion for a hearing and for appointment of counsel (Doc. 85) are likewise **DENIED**.

**IT IS FURTHER ORDERED BY THE COURT** that plaintiff's Motion to Strike Defendants [sic] Out of Time Pleading Entitled—Defendant's [sic] Response To Plaintiff's Motion for Prohibitory Injunction (Doc. 90) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 4th day of January 2006.

                                              S/ Julie A. Robinson
                                              Julie A. Robinson
                                              United States District Judge